**Richard Allen SAPPINGTON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 48059.**

Court of Criminal Appeals of Texas.

Feb. 27, 1974.

Rehearing Denied May 22, 1974.

Milton E. Douglass, Jr., Wichita Falls, for appellant.

Z. D. Allen, Asst. Dist. Atty., Wichita Falls, Jim D. Vollers, State's Atty. and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a revocation of probation. In October, 1970, the appellant pled guilty to a charge of possession of marihuana. He was sentenced to five years' imprisonment, but the court suspended the imposition of sentence and placed him on probation for a five-year period. In February, 1973, the State filed a motion to revoke, on which a hearing was held on March 1, 1973. At the hearing, the State proved that appellant had committed the offense of burglary in December 1972, in violation of the condition of his probation that he commit no offense against the laws. However, the court at that time refrained from immediately revoking appellant's probation, apparently because he was preparing to undergo treatment with the United States Public Health Service under the Narcotic Addict Rehabilitation Act, 42 U.S.C. Sec. 3413.

On June 2, 1973, the appellant was again arrested, and on June 4, 1973, the court revoked his probation for the violation shown at the March 1, 1973, hearing.

Appellant's first ground of error urges that he was denied an evidentiary hearing on the charge which precipitated the revocation of his probation. Appellant apparently contends that the incident which resulted in the revocation was not the burglary, which was clearly proved at the March 1 hearing, but rather that it was his June 2, 1973, arrest.

■ Appellant's position is without merit for the reason that the record clearly reveals that his probation was revoked because he was found to have committed the offense of burglary on December 19, 1972. Appellant does not question the sufficiency of the evidence presented at the March 1, 1973, hearing, and that evidence clearly shows that the violation occurred.

■ Appellant's second ground of error urges that the court lacked jurisdiction to revoke his probation and that the order was void. Appellant contends that, since his initial conviction involved less than four ounces of marihuana, a misdemeanor under the new Controlled Substances Act, Art. 725f, Vernon's Ann.P.C., Acts 1973, 63rd Leg., Ch. 429, p. 1132, which was effective on the date his sentence was imposed (August 31, 1973—the act became effective on August 27, 1973), the trial court lacked the authority to sentence him to a term of imprisonment in the penitentiary because appellant requested re-sentencing under Section 4.06 of the Act. This contention is disposed of by the holding of this Court in State ex rel. Smith v. Blackwell, 500 S.W.2d 97 (Tex.Cr.App. 1973), which held Section 4.06 of the Act unconstitutional and void. See also Ex Parte Giles, 502 S.W.2d 774 (Tex.Cr.App., delivered Dec. 5, 1973), holding Sec. 6.01 (c) of the Act partially void.

■ In a related ground of error, appellant contends that the court should have heard his arguments on the issue of resentencing. The record reflects that, beyond offering these arguments, the appellant did nothing else. No objection to the court's ruling was made. Therefore, the error, if any, was not preserved for review. See Freeman v. State, 491 S.W.2d 408 (Tex. Cr.App.1973).

Appellant's last ground of error urges that the court failed to enter findings of fact and conclusions of law, although appellant requested that he do so.

■ It is clear that such findings should be made in every case. See Gamble v. State, 484 S.W.2d 713 (Tex.Cr.App. 1972). However, failure to include them requires reversal only when they have been

requested. See Flournoy v. State, 481 S. W.2d 898 (Tex.Cr.App.1972) and Wilcox v. State, 477 S.W.2d 900 (Tex.Cr.App. 1972).

In the instant case, the court's order revoking probation states that appellant violated the terms of his probation ". . . by committing the felony offense of burglary on December 19, 1972 in Wichita County, Texas." While these findings could have been more detailed, an examination of the cases in this area has convinced us that these findings were sufficient to inform the appellant of the reason for the revocation of his probation. See Garcia v. State, 488 S.W.2d 448 (Tex. Cr.App.1972).

The judgment is affirmed.

DOUGLAS, J., dissents to this opinion.