Robert Lee TRAYLOR, Appellant,

v.

The STATE of Texas, Appellee.

No. 56919.

Court of Criminal Appeals of Texas.

Panel No. 2.

Feb. 15, 1978.

Melvyn Carson Bruder, Dallas, for appellant.

Henry Wade, Dist. Atty., Steve Wilensky and Jan E. Potts, Asst. Dist. Attys., Dallas, for the State.

## OPINION

Before ONION, P. J., and DOUGLAS and ODOM, JJ.

ONION, Presiding Judge.

This is an appeal from an order revoking probation.

On January 16, 1975 the appellant entered a plea of guilty in a bench trial to the offense of burglary of a building and was assessed a punishment of three (3) years' imprisonment. Imposition of sentence was suspended, and the appellant was placed on probation subject to certain conditions, including "(a) Commit no offense against the laws of this or any other State or the United States."

On July 30, 1975 a motion to revoke probation was filed. No action seems to have been taken on such motion.

On April 5, 1976 another motion to revoke probation was filed alleging that "On or about the 28th day of March, 1976, in Dallas County, Texas, Robert Lee Traylor did then and there intentionally and knowingly cause bodily injury to Mike Martinez by striking him with his fist."

On May 11, 1976[1] the court conducted a hearing on such motion, at which time the appellant entered a plea of "true." In the record is a written instrument entitled, "Plea of True and Stipulation of Evidence in Probation Revocation Hearing," dated May 11, 1976. The instrument, which was signed and sworn to by the appellant on that date, contained the following handwritten statement: "On March 28, 1976 I intentionally and knowingly cause (sic) bodily injury to Mike Martinez by hitting him with my fist." At the conclusion of the hearing, the court stated, "The Court accepts your plea of 'true', finds the allegations to in fact be true and recesses this hearing pending the Court's making a decision on the motion. The defendant is ordered released and is to continue to report to the Probation Officer pending the Court's decision."

On November 16, 1976 another motion to revoke probation was filed alleging, among other things, that on November 11, 1976 the appellant was unlawfully in possession of heroin. On January 11, 1977 the appellant was again before the trial court where the judge called to the appellant's attention the fact that he had previously entered a plea of "true" and that the allegations had been found to be true and that the hearing had been recessed.[2] The record then reflects:

"THE COURT: And, at the time we did that, I believe I told you that I was not denying the Motion to Revoke your

Probation, and I wasn't granting it. In other words, I didn't want to revoke your probation back then, did I?

"THE DEFENDANT: No, you did not. But, I must have misunderstood you. I know it was not revoked, I understand that.

"THE COURT: It wasn't reinstated, either, but it was left exactly the way it was, with the understanding that you would be released, and I would take my time about deciding whether I wanted to revoke you.

"Now, we are here today because I have made my mind up.

"THE DEFENDANT: Okay."

The court then ordered the revocation of probation. Sentence was imposed and notice of appeal was given.

■ Relying upon *Wester v. State*, 542 S.W.2d 403 (Tex.Cr.App.1976), the appellant contends the court abused its discretion. In *Wester* the question presented was whether a trial judge following a revocation hearing may continue a defendant on probation (although there is an adequate basis for revocation) and then subsequently upon report of another probationary violation revoke probation without motion by the State or a hearing basing the revocation upon the ground shown at the earlier hearing.

In *Wester* the defendant entered a plea of "true" to the first count of the revocation motion, at which time the State abandoned the other two counts and recommended that Wester be continued on probation. The court stated that probation would not be revoked and that Wester would be continued on probation. Probationary conditions were then amended and a notation was added, "Automatic Revocation if any other Violation." Later the court, without a hearing, noted on the docket sheet that probation was to be revoked upon allegation of "New Theft." Still later

1. The docket sheet contains a notation that the hearing was conducted on April 16, 1976 and there is no docket entry as to May 11, 1976. It appears from the entire record that the "April 16, 1976" entry on the docket sheet is a clerical error.

2. In his statements to the appellant, the judge used the date "April 16" as the date of the earlier revocation hearing, apparently using the docket sheet as a guide. As noted in footnote one, this docket entry was apparently made in error.

the defendant was brought to court and informed that this probation had been "continued," but upon information as to an attempted burglary since that time probation was to be revoked.

There this court wrote:

"Likewise, it follows that when a revocation proceeding has been had and the defendant continued on probation in the discretion of the court (although there was an adequate basis for revocation demonstrated at the hearing), the continuation cannot subsequently be arbitrarily withdrawn at the whim of the trial court or upon mere fact of an arrest. To hold otherwise would violate due process, due course of the law of the land and fundamental fairness. The record here clearly supports the fact that the trial judge automatically revoked upon learning of a new arrest and erred in so doing.

"We cannot conclude that the attempt in the formal revocation order to base the revocation on appellant's plea of 'true' at the hearing where he was continued on probation calls for a different result."

We conclude that the instant case is distinguishable on its facts from *Wester*, and more closely akin to *Sappington v. State*, 508 S.W.2d 840 (Tex.Cr.App.1974). In *Sappington* the court heard evidence at a revocation hearing that Sappington had committed a burglary in violation of probationary conditions. No oral ruling was made at the conclusion of the hearing, and no docket sheet entry or written order was entered as to the court's ruling. Apparently the ruling was delayed in view of appellant's request to seek treatment for narcotic addiction. A little over three months later the court entered a written order revoking probation based on the burglary shown at the revocation hearing. Sappington claimed, however, that the court revoked probation because of his arrest after the revocation hearing on a narcotic charge. However, there was nothing in the *Sappington* record to show the court knew of his narcotic arrest or acted to revoke on that basis.

In the instant case the trial judge made clear that on May 11, 1976 he was taking the matter under advisement, and on January 11, 1977 revoked probation upon the basis of the plea of true and stipulation at the earlier revocation hearing. The record reflects that after revocation the court inquired:

"THE COURT: When did you come to jail?

"THE DEFENDANT: November 12th, I believe, Judge.

"THE COURT: He was arrested on the 12th on his new offense?

"MR. HALSEY (Defense Counsel): I think that's right."

While the above indicates that the trial court had knowledge of a new offense, there is no showing that the court used such as the basis for revocation. The inquiry above was obviously to determine what jail time credit to give the appellant on his sentence then about to be imposed. The sentence reflects the appellant was given credit for jail time from November 12, 1976.

Appellant's initial contention is overruled.

Appellant also contends his conviction for burglary is void because there is a fatal variance between the pleadings and the proof. He urges that the indictment alleges a burglary by entry and the subsequent commission of theft under V.T.C.A., Penal Code, § 30.02(a)(3), and that his judicial confession admits only an entry "with the intent to commit theft." This is a collateral attack upon the sufficiency of the evidence to sustain the conviction from which no appeal was taken at the time probation was granted. The general rule is that the sufficiency of the evidence to sustain a conviction cannot be collaterally attacked. *Owens v. State*, 540 S.W.2d 324 (Tex.Cr.App.1976). Further, an appeal from an order revoking probation is limited to the propriety of the revocation and does not include a review of the original conviction, *Hoskins v. State*, 425 S.W.2d 825, 828 (Tex.Cr.App.1968), and cases there cited, except in a case of fundamental error such as a fatally defective indictment. *Huggins v. State*, 544 S.W.2d 147 (Tex.Cr.App.1976); *Standley v. State*, 517 S.W.2d 538 (Tex.Cr.

App.1975); *Ramirez v. State*, 486 S.W.2d 373 (Tex.Cr.App.1972).

Further, even if the sufficiency of the evidence could be collaterally attacked, we observe that there is no statement of facts as to the guilty plea in the record so that such question could be determined. There is nothing to indicate the judicial confession was the only evidence offered.

Appellant's contention is overruled.

■ Appellant further advances the contention that the burglary indictment is fatally defective because it fails to describe the property taken by the appellant after the alleged burglarious entry. We conclude that *Davila v. State*, 547 S.W.2d 606 (Tex. Cr.App.1977), is contrary to appellant's contention and overrule his contention.

Finding no abuse of discretion, the judgment is affirmed.