**Roy Douglas FURRH, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 58399.

Court of Criminal Appeals of Texas,
Panel No. 1.

Feb. 28, 1979.

On Rehearing July 3, 1979.

Harold J. Laine, Jr., on appeal only, Beaumont, for appellant.

Tom Hanna, Dist. Atty. and William G. Ogletree, Asst. Dist. Atty., Beaumont, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

OPINION

DOUGLAS, Judge.

This is an appeal from an order revoking appellant's probation.

On June 24, 1971, appellant pled guilty to the offense of possession of marihuana. Punishment was assessed at ten years; the imposition of sentence was suspended and appellant was granted probation. One of the conditions of probation was that he report to the probation officer as directed.

On February 24, 1977, the State filed a second amended motion to revoke probation alleging four grounds. At the hearing on May 12, 1977, the appellant pleaded "true" to the first ground. The trial judge then asked the State for its recommendation:

"MR. MOSES: (For the State) Your Honor, we recommend that he be continued on probation; however, we do recommend six months in jail. We recommend that if his probation be revoked that the full term be imposed and no early release from probation at this time.

"THE COURT: All of those things are continued on the Second Amended Order, along with conditions M, R, T, U and V. I want to make sure you understand what's going on here. I did have some discussion about your case with Mr. Moses and Mr. Griffin. It's under present-day standards, not really as serious an offense as when you were found guilty.

"DEFENDANT: Yes.

"THE COURT: You are entitled to some consideration—considering reducing this term some if the probation is revoked. Apparently, what the agreement now is rather than revoke your probation continue you on probation, but if you break the terms of probation the next time it's for the full term. Do you understand what your options are?

"DEFENDANT: Yes."

The record shows that the trial judge then issued a Second Amended Probation Order but noted on the court's docket sheet that, "Revocation held in abeyance. Terms amended as per order filed this date. (Serve 6 months Co. Jail.)."

On June 10, 1977, the State filed its third amended motion to revoke alleging, among other things, that appellant had committed the offense of possession of stolen mail matter and forgery. On June 17, 1977, a fourth amended motion for revocation was filed.

Another hearing was held on August 8, 1977, at which time the following exchange occurred:

"THE COURT: Would you state for the Record what you told me?

"MR. GRIFFIN: (For the Defendant) Yes, Your Honor. I advised Mr. Furrh when we were in court previously back on May twelfth of this year when Mr. Furrh at that time pled true to the counts in the Motion to Revoke Probation and my file reflects the Court at that time went ahead and revoked probation, but held the disposition in abeyance.

"THE COURT: The revocation in abeyance, but the ground was found true.

"MR. GRIFFIN: The Ground was found true, yes, sir. At that time Mr. Furrh was remanded to jail and I advised Mr. Furrh that all that is necessary for the Court to do this morning is to assess punishment on the revocation and I also advised him that the District Attorney's Office has made an offer to reduce the ten-year probation term to an eight-year term and Mr. Furrh has advised me it's not his desire to accept any reduced term."

The court then stated that because of the appellant's plea of true at the May 12, 1977 hearing, "the motion is granted and the probation order is vacated, that being the Second Amended Motion to Revoke Probation, and sentence is imposed at ten years. . . ."

Appellant contends that the trial court abused its discretion because there was no evidence that he had violated a condition of the Second Amended Order of Probation.

In *Traylor v. State*, 561 S.W.2d 492 (Tex. Cr.App.1978), the defendant entered a plea of "true" at a May 11, 1976 hearing on the State's second motion to revoke probation. The trial court accepted the plea but recessed the hearing until the court reached a decision regarding revocation. The defendant was released and continued on probation pending the court's decision. On November 16, 1976, another motion to revoke was filed charging the defendant with unlawful possession of heroin. The defendant was before the trial court again on January 11, 1977. At that hearing the court ordered revocation of probation based on the defendant's plea of "true" taken at the May 11, 1976 hearing, not on the basis of the more recent motion filed in the interim. The record in that case indicated that the trial judge was aware of and questioned the defendant about his recent arrest. We concluded that there was no abuse of discretion shown and that it was proper for the court to take the revocation decision under advisement for eight months. Moreover, in *Sappington v. State*, 508 S.W.2d 840 (Tex. Cr.App.1974), under facts similar to the instant case, we held that there was no abuse of discretion where nothing in the record indicated that the trial court knew of the defendant's interim arrest or acted to revoke because of it. *See Bass v. State*, 501 S.W.2d 643 (Tex.Cr.App.1973).

Appellant, however, asserts that *Wester v. State*, 542 S.W.2d 403 (Tex.Cr.App.1976), is controlling. In *Wester*, the trial court, after accepting the defendant's plea of true, stated unequivocally that probation would be continued but that it would be automatically revoked for any other violation. This was also written on the new probation order. The defendant was later involved in another offense and the court, without a hearing, noted on the docket sheet that probation was revoked because of the new allegation. A later hearing confirmed that the new offense was the basis for the revocation. We found that the trial judge had abused his discretion by automatically revoking upon learning of the new arrest.

The facts in the case at bar are distinguishable from those in *Wester*. In the instant case the record shows the trial court merely held the revocation in abeyance until a decision could be reached. This is also supported by the docket sheet entries. The statements of the appellant's attorney below demonstrate that appellant was never misled into believing probation had been continued indefinitely. Moreover, there is nothing in the record to suggest that the trial court acted to revoke on the basis of the new offenses.

Finding no abuse of discretion, the judgment is affirmed.

PHILLIPS, Judge, dissenting.

The facts as set forth in the majority opinion establish without a doubt that of the two statutory options available to the trial court upon a motion to revoke probation, this trial court chose to continue the probationer on his probation notwithstanding his plea of true to the first ground of the motion to revoke probation. Although his attorney at the subsequent hearing on August 8, 1977, and the court were under the impression that it was appropriate to merely withdraw the privileges of probation, these individual subjective impressions are not sufficient to overcome the statutory restrictions on the trial court's discretion established by Section 8 of Article 42.12, V.A.C.C.P. That statutory provision does not authorize holding revocations in abeyance. There is no indication that the trial court needed additional time to determine whether to reduce the term of imprisonment since the trial court stated expressly that rather than revoking the probation it would be continued on the understanding that when and if eventually revoked it would be for the full term of imprisonment originally assessed.

It being clear that appellant was continued on probation after the May 12, 1977, hearing, the revocation of the continued probation on August 8, 1977, without adducing a plea or evidence on any subsequently alleged violations clearly violates the stricture of *Wester v. State*, Tex.Cr. App., 542 S.W.2d 403. Thus, the entry of the revocation order and imposition of sentence was clearly an abuse of the trial court's discretion as controlled by Article 42.12, V.A.C.C.P., and *Wester v. State*, supra.

There is no indication in this record, as there was in *Traylor v. State*, Tex.Cr.App., 561 S.W.2d 492, that the trial court was "recessing" the hearing on the revocation motion.[1] Neither are the facts in *Sappington v. State*, Tex.Cr.App., 508 S.W.2d 840, as compelling as the facts in this case to conclude that, indeed, the trial court continued the probationer on his probation rather than revoke it. To the extent that *Sappington v. State*, supra, and *Traylor v. State*, supra, hold forth the proposition that a trial court's discretion in the area of probation revocation can exceed the scope of the statutory options provided for under Section 8, Article 42.12, V.A.C.C.P., they should be overruled.

For the foregoing reasons, I vigorously dissent to the majority's conclusion that the trial court did not abuse its discretion. The judgment should be reversed and remanded.

Before the Court en banc.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

ODOM, Judge.

This is an appeal from a revocation of probation. After conviction for possession of marihuana in 1971, punishment was assessed at ten years and appellant was placed on probation.

Appellant contends the trial court abused its discretion and denied him due process of law when it revoked his probation on August 8, 1977, without any evidence of a violation of probation. The trial court revoked appellant's probation on August 8, 1977, on the basis of appellant's plea of true entered at a hearing on May 12, 1977, to a

---

1. I have serious reservations concerning the appropriateness of recessing any hearing for eight months as was done in *Traylor v. State*, supra.

motion to revoke probation that had been filed on February 12, 1977. On original submission it was held no abuse of discretion was shown. In his motion for rehearing appellant relies on *Wallace v. State*, Tex.Cr.App., 575 S.W.2d 512. We agree that *Wallace* is more closely on point than the cases relied on in our prior opinion and grant appellant's motion for rehearing and set aside the revocation of probation.

In *Wallace v. State*, supra, the court, after a June 10 hearing on a motion to revoke the defendant's probation, ordered the probation revoked but deferred sentencing, announcing, " . . . I will not impose sentence at this time. I will delay that action until some further date. I hope that I don't have to take that action." About two months later the defendant's conditions of probation were modified. The following December the State filed a motion requesting sentencing and in January the trial court revoked the defendant's probation on the basis of the June 10 hearing. On appeal this Court held:

"It is clear from the statute that upon a revocation hearing the discretion to either continue, modify or revoke rests in the discretion of the trial judge. *Wise v. State*, 477 S.W.2d 578 (Tex.Cr.App.1972); *Soliz v. State*, 171 Tex.Cr.R. 376, 350 S.W.2d 566 (1961); *Gossett v. State*, 162 Tex.Cr.R. 52, 282 S.W.2d 59 (1955). If, however, probation is revoked, the trial judge is to proceed as if there had been no probation.

"What did the trial judge do here? Did he continue the appellant on probation or did he revoke probation on June 10, 1977? He orally stated he was revoking probation, but he entered no written revocation at the time and did not impose sentence. In fact, he stated to the appellant that he hoped he didn't have to take that action. The docket sheet then reflects the appellant was ordered to serve four months in county jail. . . .

" . . . on August 17, 1977, the appellant's conditions of probation were modified and he was released subject to such conditions. He was not sentenced, and appellant's case was not disposed of

as if there had been no probation. In effect what the court did was to continue the appellant on probation."

In this case, likewise, the effect of what the trial court did after the May 12, 1977, hearing at which appellant pled true to the State's motion to revoke, was to continue appellant on probation with modified conditions. The record shows that after the May 12 hearing the trial court issued a second amended probation order imposing additional conditions of probation on appellant. He was not sentenced and his case was not disposed of as if there had been no probation. Article 42.12, Sec. 8(a), V.A.C.C.P., provides in controlling part:

"If the defendant has not been released on bail, on motion by the defendant the court shall cause the defendant to be brought before it for a hearing within 20 days of filing of said motion, and after a hearing without a jury, may *either continue, modify or revoke the probation*. The court may *continue the hearing* for good cause shown by either the defendant or the state. If probation is revoked, the court may proceed to dispose of the case as if there had been no probation . . ." (Emphasis added.)

The record in this case, as in *Wallace v. State*, supra, clearly shows that the trial court continued appellant on modified probation and did not revoke the probation after a violation of the conditions of probation was shown at the earlier hearing. Cf. *Wester v. State*, Tex.Cr.App., 542 S.W.2d 403. The court having exercised its authority at that earlier hearing by modifying the terms of probation instead of revoking probation, it was clearly without authority to change that disposition at a subsequent hearing at which no further violation of probation was shown. While the court could have continued the *hearing* and delayed exercise of its discretion to continue, modify or revoke the probation, as was done in *Traylor v. State*, Tex.Cr.App., 561 S.W.2d 492, and apparently in *Sappington v. State*, Tex.Cr.App., 508 S.W.2d 840, that option is not what occurred in this case. The trial court's revocation of appellant's probation on August 8 was an abuse of discretion.

The motion for rehearing is granted, the order revoking probation is set aside, and the cause is remanded.

DOUGLAS, Judge, dissenting.

The majority reverses this conviction on the grounds that the trial court abused its discretion in revoking probation. He had been convicted and his punishment was assessed at ten years, probated. At the hearing on the second amended motion to revoke probation appellant pled true. He admitted that he violated the terms of probation, and no other proof was necessary. The court did not revoke probation at that time. The court was lenient and gave appellant another chance. Later, the court revoked probation on the second amended motion on the grounds that appellant admitted to be true and pronounced sentence on the original punishment that was assessed. This the majority holds to be an abuse of discretion. In doing so the majority does not follow the well reasoned decisions of *Sappington v. State*, 508 S.W.2d 840 (Tex.Cr.App.1974), and *Traylor v. State*, 561 S.W.2d 492 (Tex.Cr.App.1978). These cases should be overruled or followed.

For these and other reasons stated in the opinion on original submission, the appellant's motion for rehearing should be overruled.