**Thomas Earl STANFIELD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 59945.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 31, 1979.

Peter A. Lesser, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Ronald D. Hinds and Hugh Lucas, Jr., Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S MOTION FOR REHEARING

DOUGLAS, Judge.

This is an appeal from an order revoking appellant's probation.

The opinion on original submission is withdrawn.

On November 23, 1976, appellant pled guilty to the offense of burglary of a build-ing. Punishment was assessed at three years; the imposition of sentence was suspended and probation was granted.

On January 5, 1978, the State filed a motion to revoke probation alleging appellant had failed to report to his probation officer as directed. At a hearing on January 11, 1978, appellant pled true to this ground. The court, however, delayed its decision to revoke until a hearing on March 17, 1978, at which time probation was revoked.

The State, on rehearing, seeks to show that the court did not abuse its discretion in delaying its decision to revoke until the March hearing.

The opinion on original submission relies on *Wallace v. State,* 575 S.W.2d 512 (Tex. Cr.App.1979), and *Wester v. State,* 542 S.W.2d 403 (Tex.Cr.App.1978). These cases are distinguishable.

In *Wester, Wallace* and *Furrh v. State,* 582 S.W.2d 824 (Tex.Cr.App.1979), the court conducted a hearing on the motion to revoke and found an allegation true. The conditions of probation were modified and later revoked because of another violation; the revocation being grounded upon the finding of "true" at the initial hearing. This was held to be an abuse of discretion.

The instant case is similar to *Traylor v. State,* 561 S.W.2d 492 (Tex.Cr.App.1978). There, the defendant pled true to violating his probationary terms at a May 11, 1976 hearing. The court accepted the plea and found that the allegation was in fact true. The hearing was then recessed pending the court's decision on the motion. On November 16, 1976, another motion to revoke was filed alleging a violation on November 11, 1976. At a hearing on January 11, 1977, the trial court called the defendant's attention to his previous plea of true and revoked probation based on its prior findings.

This Court held in *Traylor* that there was no abuse of discretion because it was clear that the trial court took its decision to revoke under advisement and nothing in the

record indicated that the court used the subsequent violation as a basis for the revocation. See *Sappington v. State,* 508 S.W.2d 840 (Tex.Cr.App.1974); *Bass v. State,* 501 S.W.2d 643 (Tex.Cr.App.1973). Likewise, in *Furrh v. State,* supra, after finding an abuse of discretion because the court modified the terms of probation and later revoked without a further violation being shown, the Court stated:

> "While the court could have continued the *hearing* and delayed exercise of its discretion to continue, modify or revoke the probation, as was done in *Traylor v. State,* Tex.Cr.App., 561 S.W.2d 492, and apparently in *Sappington v. State,* Tex. Cr.App., 508 S.W.2d 840, that option is not what occurred in this case."

 The court in this case chose not to revoke probation even though he found that it had been violated. There was no new motion to revoke. The transcript from the March 17, 1978 hearing recites that the following exchange occurred:

> "THE COURT: On November 23rd, 1976; you were granted three years probation in that cause, and then on January 11th, 1978, upon a hearing on motion to revoke your probation, hearing was held on that date, arraignment was waived and a plea of—you made a plea of true to that motion in writing and orally to me.
>
> The evidence was presented, both sides closed all of the evidence, concluded the entire motion to revoke probation hearing at that time, and I found as a fact, on that date, that you had violated Condition D of the probation terms.
>
> Do you recall all of that?

> "THE DEFENDANT: Yes.

> "THE COURT: I passed the case at that point in time, for a later time, and I'm now taking up the remainder of that hearing, the conclusion being: The order heretofore entered this cause, suspending imposition of sentence and granting probation in this case is hereby revoked."

The docket entry for January 11, 1978 also stated: "Hearing passed generally—capias withdrawn."

The trial judge, from what he said, revoked probation upon the evidence adduced at the January hearing, not upon the subsequent violation. There were no modifications of the probationary terms. Nothing in our previous decisions construes the withdrawal of a capias as a continuation of probation, and we decline to so hold here. The court merely continued the hearing and took its decision to revoke under advisement; an option specifically approved of in *Furrh.*

The hearing was properly continued and nothing in the record suggests that the trial court acted to revoke on the basis of new offenses.[1]

Finding no abuse of discretion, the motion for rehearing is granted and the judgment is affirmed.

ONION, Presiding Judge, dissenting.

This cause was correctly decided on original submission. There is absolutely no need to stretch the facts as the majority now does to affirm the order revoking probation.

On November 23, 1976 the appellant entered a guilty plea before the court to the

---

1. It is difficult to understand the dissenting opinion that the trial court violated appellant's due process. The trial court gave appellant a break by not revoking probation at the time of the first hearing. Appellant was given more time before serving his term. Apparently the dissent would require a judge to revoke probation at the time of the first hearing, and there could be no delay, otherwise, due process would be violated. It goes without saying that

most probationers would rather not go to the Department of Corrections when the trial judge first finds that there was a violation of probation.

To follow the dissent would take away the discretion of the trial courts and cause sentences to be pronounced after the first hearing. The dissenting opinion would overrule that *Traylor* case to reverse this case. If it is not in point, why should it be overruled?

offense of burglary of a building, V.T.C.A., Penal Code, § 30.02. Punishment was assessed at three (3) years' imprisonment. The imposition of the sentence was suspended and the appellant was placed on probation subject to certain probationary conditions, including:

"(d) Report to the probation officer as directed; to wit: Monthly."

On January 5, 1978, the State filed a motion to revoke alleging that the appellant had failed to report to his probation officer as directed during the months of June, October and November, 1977. On January 12, 1978 the court conducted a hearing on said motion. Appellant entered a plea of "true." The appellant took the witness stand and admitted he did not report during June, October and November, 1977 to the probation officer. He related on direct examination he couldn't get out of bed for six weeks because he had a rupture and "the other time" he was just scared to report because he did not have a job as he was supposed to have. He testified he needed surgery for his condition, and if continued on probation, would have the surgery at Parkland Hospital as he could not hire a private doctor, that he would get a job and report to the probation officer faithfully.

At the conclusion of the hearing, the record reflects:

"THE COURT: Well, the hearing on the Motion to Revoke Probation, arraignment being waived, and the defendant entered a plea of true to the motion, the evidence being presented, the court finds the defendant violated condition 'D' of the terms and conditions of his probation.

"This hearing is passed generally."

A docket sheet entry dated January 11, 1978 (a date at variance with the other evidence in record as to the date of the revocation hearing) reflects: "Hearing passed generally—capias withdrawn" following by the trial court's signature.

On March 1, 1978, probation officer Taylor filed a report with the court which stated that appellant violated a condition of probation in that

"On or about February 25, 1978, Thomas Earl Stanfield was arrested by Dallas Police Department and charged with attempted burglary of a building."

A capias for appellant's arrest was shown to have been issued on the same day bearing the trial judge's signature. The following date an entry on the docket sheet recited "3–2–78 Reset to Mar 17 '78." No new motion to revoke probation is shown to have been filed.

On March 17, 1978, the appellant appeared in open court apparently as a result of his arrest on the capias issued March 1, 1978. The record reflects no hearing, but the following:

"THE COURT (addressing the appellant): On November 23, 1976, you were granted three years probation in that cause, and then on January 11th, 1978, upon a hearing on motion to revoke your probation, hearing was held on that date, arraignment was waived and a plea of— you made a plea of true to that motion in writing and orally to me.

"The evidence was presented, *both sides closed all of the evidence, concluded the entire motion to revoke probation hearing at that time,* and I found as a fact on that date, that you had violated condition D of the probation terms.

"Do you recall all of that?

"THE DEFENDANT: Yes.

"THE COURT: I passed the case at that point in time, for a later time, and I'm now taking up the remainder of that hearing the conclusion being: The order heretofore entered this cause, suspending imposition of sentence and granting probation in this case is hereby revoked.

"Is there any reason under the law why you should not be sentenced at this time? . . . . (Emphasis supplied.)

The sentence was thereafter imposed and notice of appeal given.

Appellant contends that the trial court erred in revoking his probation "in that

there was an intervening event between the two hearings which was not proved up before the court and which was the actual basis of the revocation."

It is appellant's argument that he was in effect continued on probation on January 12, 1978 and that without a hearing on the matter his probation was terminated upon report to the court of an arrest for attempted burglary.

Article 42.12, § 8(a), V.A.C.C.P. provides in part:

"If the defendant has not been released on bail, on motion by the defendant the court shall cause the defendant to be brought before it for a hearing within 20 days of filing of said motion, and after a hearing without a jury, *may either continue, modify, or revoke* the probation . . . If probation is revoked, the court may proceed to dispose of the case as if there had been no probation . . .." (Emphasis supplied.)

The question here presented is identical to ones confronting this court in *Wester v. State,* 542 S.W.2d 403 (Tex.Cr.App.1976), and *Wallace v. State,* 575 S.W.2d 512 (Tex. Cr.App.1979). In *Wallace* and *Wester* the question was whether a trial court following a revocation hearing may continue a defendant on probation (although there is an adequate basis for revocation) and then subsequently upon report of another violation of probation revoke probation without motion by the State and without a hearing and base the revocation upon the ground shown at the earlier hearing. In *Wester* and *Wallace* it was concluded that a court could not take such action. In *Furrh v. State,* 582 S.W.2d 824 (Tex.Cr.App.1979) (Opinion on Appellant's Motion for Rehearing), the same result was reached.

What did the trial court do here? At the hearing on January 12, 1978 the only alleged violation of probation was the failure to report to the probation officer in June, October and November, 1977. The appellant pled "true" and later admitted in his testimony he had failed to report for the reasons earlier set out. From the record, as noted above, it is clear that both sides closed, and the hearing was concluded with a finding that the appellant had violated his probation as alleged. No oral or written order to revoke probation was entered at the time, and sentence was certainly not then pronounced. No oral or written order modifying the probation was made. The trial judge did state he was passing the hearing generally although the hearing on the alleged violation had been concluded and the court had made its finding. There was no necessity for any further hearing. In addition, it is clear that the appellant, who had been found to have violated a probationary condition, was released subject to the probationary conditions previously imposed. This is evident by the fact the capias issued prior to the January 12th hearing was withdrawn and by the report of the probation officer on March 1, 1978 that appellant had on February 25, 1975 allegedly committed the offense of attempted burglary. That the trial judge had knowledge of the alleged new violation is reflected by the capias it issued for his arrest over the signature of the trial judge. It is clear that the appellant was in effect continued on probation and that his probation was arbitrarily withdrawn without a hearing when the court learned of an alleged new violation depriving him of due process, the due course of the law of the land and fundamental fairness. See *Wester, Wallace* and *Furrh.*

The majority opinion on rehearing three times states that the court delayed its decision and took the matter under advisement. There is no support for such statements in this record. Unlike *Traylor v. State,* 561 S.W.2d 492 (Tex.Cr.App.1978), where the trial judge expressly stated he was taking the matter under advisement, there is no statement or order by the trial court in the instant case indicating that it intended to take the matter under advisement. Certainly the difficulty of the matter would not indicate the necessity of advisement. A

trial judge may continue a revocation hearing in order to obtain additional witnesses or evidence, to have the probationer examined, to research the law prior to making a ruling. He may even take a revocation matter under advisement. However, the guise of advisement may not be used to accomplish what the law forbids. To the extent that *Traylor v. State,* supra, is in conflict with such statement, I would overrule it. *Sappington v. State,* 508 S.W.2d 840 (Tex.Cr.App.1974), and *Bass v. State,* 501 S.W.2d 643 (Tex.Cr.App.1973), can be distinguished as they were in *Wester.*

For the reasons stated, I dissent.

ROBERTS, PHILLIPS and CLINTON, JJ., join in this opinion.