Criminal Case Template












COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




DAVID RENTERIA,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.

§


§


§


§


§

No. 08-02-00329-CR


Appeal from the


243rd Judicial District Court


of El Paso County, Texas


(TC# 20000D03847)

 

M E M O R A N D U M O P I N I O N


 This is an appeal from a trial court's Judgment Revoking Probation. We affirm the
order of the trial court. 

I. SUMMARY OF THE EVIDENCE

 The record establishes that on September 11, 2000, judgment and sentence was
entered against Appellant for the felony offense of driving while intoxicated third or more
offense. Appellant was sentenced to a term of ten (10) years' imprisonment in the
Institutional Division of the Texas Department of Criminal Justice, probated under certain
terms and conditions. The pertinent terms and conditions of probation set out as follows:


 a. Commit no offense against the laws of this State or of any other State
(including municipal ordinances), or of the United States of America.


 b. Avoid injurious or vicious habits, to wit:


 (1) You shall not purchase, sell, consume, possess or
transport any alcoholic beverage, or any dangerous drug
or controlled substance as set out in the laws of this state,
except upon prescription of a person licensed to prescribe
the same.

. . .



 h. Remain within:


. . .



 5. You shall be subject to curfew and be within your place
of residence, as previously designated, between the hour
of 7:00 p.m. and 7:00 a.m. each and every day, unless
suitably employed during those same hours.


. . .



 x. You shall not operate a motor vehicle unless the vehicle is equipped
with a device that uses a deep-lung breath analysis mechanism. You
shall be responsible for the cost of obtaining and maintaining such
mechanism. 


 . . .



 Appellant is alleged to have committed the offense of capital murder on November
18, 2001. On December 6, 2001, Appellant filed his Motion for Findings of Fact in the
probation revocation hearing. On January 24, 2002, the State of Texas filed its Motion to
Revoke Probation alleging as follows:

 3. Thereafter, to-wit: on or about the 18th day of November, 2001,
in the County of El Paso and the State of Texas, the said
defendant, David Renteria, did then and there commit the
offense of Capital Murder, in violation of condition "a." of the
terms and conditions of his community supervision.


 Further, to-wit: on or about the 18th day of November, 2001, in
the County of El Paso and the State of Texas, the said defendant,
David Renteria, did then and there purchase, consume, possess,
transport and alcoholic beverage without the express permission
of this Court as obtained through his Supervision Officer, in
violation of condition "b.(1)" of the terms and conditions of his
community supervision.


 Further, to-wit: on or about the 18th day of November, 2001, in
the County of El Paso and the State of Texas, the said defendant,
David Renteria, did then and there fail to be within his place of
residence between the hours of 7:00 pm and 6:00 a.m., in
violation of condition "h.(5)" of the terms and conditions of his
community supervision.


 Further, to-wit: on or about the 18th day of November, 2001, in
the County of El Paso and the State of Texas, the said defendant,
David Renteria, did then and there operate a motor vehicle that
was not equipped with a device that uses a deep-lung breathing
analysis mechanism, in violation of condition "x." of the terms
and conditions of his community supervision.


 Further, to-wit: on or about the 3rd day of December, 2001, in
the County of El Paso and the State of Texas, the said defendant,
David Renteria, did then and there operate a motor vehicle that
was not equipped with a device that uses a deep-lung breathing
analysis mechanism, in violation of condition "x." of the terms
and conditions of his community supervision. 


 The record further shows that on June 10, 2002 a hearing was held on the State's
Motion to Revoke Probation. The trial court's Judgment Revoking Probation specifically
notes that the paragraph violated and the Grounds for Revocation included:


 a. Commit no offense against the laws of this State or of any other State
(including municipal ordinances), or of the United States of America.

 b. Avoid injurious or vicious habits, to wit: (1) You shall not purchase,
sell, consume, possess or transport any alcoholic beverage, or any
dangerous drug or controlled substance, etc . . .

 h. Remain within: 5. You shall be subject to curfew and be within your
place of residence, as previously designated, between the hour of 7:00
p.m. and 7:00 a.m. each and every day, unless suitably employed during
those same hours.

 x. You shall not operate a motor vehicle unless the vehicle is equipped
with a device that uses a deep-lung breath analysis mechanism. You
shall be responsible for the cost of obtaining and maintaining such
mechanism. 


 The trial court's Judgment Revoking Probation additionally notes the factual
allegations as set forth above in the paragraph 3 of the State's Motion to Revoke Probation.
Finally, trial court's Judgment Revoking Probation stated as follows:

 The Court proceeded to hear evidence on said Motion and after hearing said
evidence and the arguments of counsel and considering the same and the law,
the Court is of the opinion and so holds that the Defendant violated the terms
of such probation in the respect set out in paragraphs a.b.(1)h.5.x. of Section
3 in said Motion to Revoke Adult Probation. 


II. DISCUSSION


 In his sole issue on review, Appellant suggests that the trial court erred in failing to
enter findings of fact and conclusions of law upon which Appellant's revocation of probation
was based. Specifically, he complains that the trial court's Judgment Revoking Probation
is insufficient to inform Appellant as to which violations of probation were found by the trial
court; and further, that the trial court's Judgment Revoking Probation is not clear in setting
out the findings of fact and conclusions of law upon which such revocation was based. We
disagree.

 It is clear that due process requires that a probationer know with some specificity the
reasons why the State seeks to revoke his or her probation. See Garcia v. State, 488 S.W.2d
448, 449 (Tex. Crim. App. 1972). In that regard, once a probationer has timely requested the
trial court to enter findings of fact upon which a revocation is based, a trial court errs for
failing to enter such findings of fact. Tate v. State, 365 S.W.2d 789, 791 (Tex. Crim. App.
1963); Joseph v. State, 3 S.W.3d 627, 639 (Tex. App.-- Houston [14th Dist.] 1999, no pet.).
Reversal of a trial court's judgment revoking probation is particularly warranted where the
trial court's failure to make such findings impedes appellate review of the trial court's
decision. See Ford v. State, 488 S.W.3d 793, 795 (Tex. Crim. App. 1972). Nonetheless, a
trial court is not required to issue separate findings of fact if the judgment revoking probation
informs the probationer, and this Court, of the grounds for the revocation. See Sapington v.
State, 508 S.W.2d 840, 842 (Tex. Crim. App. 1974); Joseph, 3 S.W.3d at 640. Such is the
case before us.

 As noted above, record in the instant case shows a detailed Motion to Revoke
Probation. The Motion to Revoke details both the specific conditions of probation alleged
to have been violated as well as the factual assertions underlying each allegation. After a
hearing on June 10, 2002, the trial court entered its Judgment on Revocation which once
again specifically sets out the conditions of probation alleged to have been violated and the
factual assertions underlying each allegation. Finally, the trial court's Judgment on
Revocation notes that after hearing the evidence and the arguments of counsel and
considering the same and the law, "the Court is of the opinion and so holds that the
Defendant violated the terms of such probation in the respect set out in paragraphs
a.b.(1)h.5.x. of Section 3 in said Motion to Revoke Adult Probation." While in a probation
revocation hearing it might be a better practice for a trial court to indeed enter separate
findings of fact, we find in the instant case Appellant was given more than adequate notice
of the reasons why his probation was revoked. Appellant's sole issue on review is overruled.

 Having overruled Appellant's sole issue on review, we affirm the judgment of the trial
court.

April 22, 2004


 

 _____________________________________ 
 RICHARD BARAJAS, Chief Justice



Before Panel No. 4

Barajas, C.J., Larsen, and McClure, JJ.


(Do Not Publish)