In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-05-247 CR


NO. 09-05-248 CR


____________________



DANNY RAY JOHNSON, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 163rd District Court


Orange County, Texas


Trial Cause Nos. B 960413-R and B 980149-R






MEMORANDUM OPINION


 Danny Ray Johnson appeals the revocation of "shock probation" community
supervision orders in two cases. Johnson's sole appellate issue contends the trial court
abused its discretion by failing to dismiss the motions to revoke probation because "the
probation department's use of stale and previously filed administrative violations and charges
violated appellant's right to due process of law and created a process that was fundamentally
unfair under both the United States and Texas Constitutions." We affirm.

 On January 19, 2000, Johnson pled guilty and the trial court imposed concurrent eight
year sentences on indictments for arson (Cause No. B 960413-R) and theft (Cause No. B
980149-R). On April 28, 2000, the trial court suspended execution on the sentences and
placed Johnson on community supervision for the remainder of his eight year sentences. See
Tex. Code Crim. Proc. Ann. art. 42.12, § 8 (Vernon 2006). On March 21, 2005, the State
filed a motion to revoke the community supervision orders, on allegations that Johnson: (1)
committed a criminal offense - driving while intoxicated - on March 7, 2004; (2) failed to
report on December 21, 2000, December 3, 2002, September 4, 2003, December 6, 2004, and
February 23, 2005; (3) violated curfew on July 8, 2002; and (4) failed to provide proof to his
probation officer that he attended Alcoholics Anonymous/Narcotics Anonymous meetings.
Capias issued March 21, 2005. The trial court found Johnson committed the criminal offense
and failed to report as required, but did not find the curfew violation or the failure to
document attendance. After revoking community supervision, the trial court reduced the
sentences to four years and ordered execution on the sentences.

 At the hearing on the motions to revoke, Johnson objected to hearing the motions
because, according to the appellant, he had already been administratively sanctioned for the
violations. During the hearing, one of Johnson's probation officers testified that he had
requested a motion to revoke probation on January 10, 2003. The State did not file a motion
to revoke at that time. The probation officer testified that Johnson reported his DWI arrest
on March 11, 2004. The officer testified that he referred Johnson to the Bridge of Hope for
substance abuse evaluation and requested that a motion to revoke his probation be filed. On
April 22, 2004, the officer referred Johnson to the Tejas Treatment Center; he received the
certificate of completion on August 26, 2004. Johnson's treatment at the Tejas Treatment
Center did not occur pursuant to a court order. Soon thereafter, Johnson's probation officer
was transferred to a different caseload. Because Johnson's next probation officer was on
maternity leave, the probation supervisor finished Johnson's supervision and testified at the
hearing. According to the probation supervisor, treatment at the Tejas Center was not a
sanction. The motions to revoke filed by the State on March 21, 2005, are the only
revocation motions that have been filed.

 Johnson cites United States v. Tyler as support for his claim that the proceedings
against him were fundamentally unfair. United States v. Tyler, 605 F.2d 851 (5th Cir. 1979). 
Tyler is, as Johnson admits, factually distinguishable from Johnson's case. In Tyler, a second
motion to revoke was filed after the trial court found the first motion to be unfounded. Id.
at 852. The misdemeanor offenses alleged in the second motion had occurred and were
known to the probation officer when the first motion was filed. Id. at 853. Johnson, on the
other hand, was not brought before the court on sequential motions to revoke. The hearing
that resulted in revocation was the only time the trial court considered any of the State's
allegations. Although the probation officer referred Johnson for substance abuse evaluation,
Johnson did not enter the alcohol abuse treatment program under a court order.

 Johnson argues that the State waived the violation by failing to file the motions to
revoke with due diligence. The authority he cites concerns a nine year delay in executing a
parole violation warrant. Greene v. Mich. Dep't of Corrs., 315 F.2d 546, 547 (6th Cir. 1963). 
The appellate court in Greene remanded for a hearing to allow the State to explain its efforts
to execute on the warrant. Id. at 548. In Johnson's case, the State filed the motions and the
trial court issued the revocation warrants well within the period of community supervision. 
See Tex. Code Crim. Proc. Ann. art. 42.12, § 21(b), (e) (Vernon 2006). The warrants were
served promptly. Johnson does not identify any prejudice resulting from the delay between
a request for a motion and its filing. He completed a treatment program in the interim, but
that would benefit rather than prejudice him at the revocation hearing.

 Johnson cites Furrh v. State for its holding that once a trial court exercised its
authority at an earlier hearing by modifying the terms of probation instead of revoking
probation, the trial court could not change the disposition at a subsequent hearing at which
no further probation violations were shown. Furrh v. State, 582 S.W.2d 824, 827 (Tex.
Crim. App. 1979) (opin. on reh'g). Furrh recognized that the trial court could have held the
motion in abeyance, but having rendered a decision, the trial court could not alter its
disposition. Id. Of course, in Johnson's cases the trial court conducted only one revocation
hearing. Johnson contends we should apply the restrictions on the trial court in Furrh to the
State here. We find no evidence in the record to suggest that either the prosecutor or the
probation officer made a conscious decision to decline to file a motion to revoke community
supervision. Furrh does not preclude the trial court's actions under the circumstances in this
case.

 We hold that the trial court did not abuse its discretion by proceeding on the State's
motions to revoke, notwithstanding the delay between the initial violation of the community
supervision orders and the filing of the motions to revoke community supervision. We
overrule the appellant's issue and affirm the judgments.

 AFFIRMED.



 ______________________________

 STEVE McKEITHEN

 Chief Justice



Submitted on December 21, 2006

Opinion Delivered January 31, 2007

Do Not Publish 


Before McKeithen, C.J., Gaultney and Horton, JJ.