**Opinion filed August 31, 2015**



## In The

# Elebenth Court of Appeals

_____

## No. 11-15-00050-CR
_____

## RICHARD EDWARD GUTKOWSKI JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 29th District Court**
**Palo Pinto County, Texas**
**Trial Court Cause No. 15047**

### M E M O R A N D U M   O P I N I O N

Appellant, Richard Edward Gutkowski Jr., pleaded guilty to the third-degree felony offense of driving while intoxicated. Pursuant to the terms of the plea bargain agreement, the trial court convicted Appellant, assessed his punishment, and placed him on community supervision. The State subsequently filed a motion to revoke Appellant's community supervision. At a hearing on the State's motion to revoke, Appellant pleaded "true" to the allegations in the motion. The trial court found the allegations to be true, revoked Appellant's community supervision, and

assessed his punishment at confinement for six years and a fine of $1,500. We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the record contains no arguable issues for him to present on appeal. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, and a "complete copy of the entire record." Counsel also advised Appellant of his right to review the record and file a response to counsel's brief. Appellant has not filed a pro se response.[1]

Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.). In addressing an *Anders* brief and pro se response, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit

---

[1] By letter, this court granted Appellant at least thirty days in which to exercise his right to file a response to counsel's brief.

and should be dismissed. *Schulman*, 252 S.W.3d at 409. In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979). Furthermore, absent a void judgment, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Traylor v. State*, 561 S.W.2d 492, 494 (Tex. Crim. App. [Panel Op.] 1978).

We note that counsel has the responsibility to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motion to withdraw is granted, and the appeal is dismissed.

PER CURIAM

August 31, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.