**Opinion filed September 17, 2015**



## In The

# Eleventh Court of Appeals

_____

## No. 11-15-00088-CR

_____

## WILLIE JAMES THURMAN JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

### On Appeal from the 358th District Court
### Ector County, Texas
### Trial Court Cause No. D-43,076

### M E M O R A N D U M   O P I N I O N

Appellant, Willie James Thurman Jr., pleaded guilty to the offense of aggravated assault. Pursuant to the terms of the plea bargain agreement, the trial court convicted Appellant, assessed his punishment, and placed him on community supervision. The State subsequently filed a motion to revoke Appellant's community supervision and an amended motion to revoke. At the revocation hearing, the State abandoned one of its seven allegations in the amended motion, and Appellant pleaded "true" to all six of the other allegations. The trial court

found the allegations to be true, revoked Appellant's community supervision, and assessed his punishment at confinement for ten years and a $1,000 fine. We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that she has concluded that the appeal is frivolous. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, a complete copy of the reporter's record and clerk's record, and a motion for pro se access to the record. Counsel also advised Appellant of his right to review the record and file a response to counsel's brief. Appellant has not filed a pro se response.[1]

Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.). In addressing an *Anders* brief and pro se response, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

---

[1]This court granted Appellant thirty days in which to exercise his right to file a response to counsel's brief.

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409. In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Furthermore, absent a void judgment, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Traylor v. State*, 561 S.W.2d 492, 494 (Tex. Crim. App. [Panel Op.] 1978).

We note that counsel has the responsibility to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motion to withdraw is granted, and the appeal is dismissed.

PER CURIAM

September 17, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.