NO. 07-01-0504-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 1, 2002

______________________________

GEORGE RODRIGUEZ, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 84
TH
 DISTRICT COURT OF OCHILTREE COUNTY;

NO. 3027; HONORABLE WILLIAM D. SMITH, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant George Rodriguez, Jr. seeks to appeal the revocation of his probation and punishment, assessed by the trial court, at eight years confinement in the Institutional Division of the Texas Department of Criminal Justice.  Finding no reversible error, we affirm. 

Following dismissal of an earlier indictment, appellant was charged by indictment of attempted murder and aggravated assault in July 1996.  On August 2, 1996, his attorney sought a continuance, which was denied.  On March 27, 1997, appellant entered a plea of guilty to the aggravated assault charge pursuant to a plea agreement.  The trial court rendered a judgment of guilt and assessed punishment in conformity with the plea agreement of ten years probation, a $2,500 fine and a period of community service.  Two subsequent orders amended the terms of probation allowing appellant to reside in Kerr and Childress Counties, respectively.   

The State filed a motion to revoke appellant’s probation on May 17, 2001, alleging 81 violations of the conditions of his probation.  The violations alleged included failing to report, failing to pay probation fees, or submit financial statements.  At the conclusion of a hearing on the State’s motion to revoke conducted November 29, 2001, the trial court revoked appellant’s probation and sentenced him to eight years confinement, a fine of $2,500, and restitution of $14,887.  On appellant’s request, the court appointed counsel on appeal.

Through his appointed attorney, appellant filed his notice of appeal on December 3, 2001, but a second attorney, David Scott, subsequently filed a motion for new trial alleging ineffective assistance of counsel on December 5.  The court denied the motion for new trial.  Scott has now filed a brief stating that he has thoroughly examined the record and determined the appeal is without merit.  
See Anders v. California
, 386 U.S. 738, 744-45, 87 S.Ct.1396, 18 L.Ed.2d 493 (1967).  This brief discusses five potential issues on appeal and why none show reversible error.  Scott has also filed a motion to withdraw as counsel and informed appellant of his right to file a pro se brief.  
See Johnson v. State
, 885 S.W.2d 641 (Tex.App.--Waco 1994, pet. ref’d).  Appellant has filed a pro se brief asking for appointment of another attorney and elaborating on portions of the 
Anders
 brief filed by his attorney.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. 
Nichols v. State
, 954 S.W.2d 83, 86 (Tex.App.--San Antonio 1997, no pet.).  If this court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel.  
Stafford v. State
, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).  

The issues raised in the 
Anders
 brief filed by appellant’s counsel address 1) the denial of his motion for continuance, 2 and 3) whether appellant was deprived of effective assistance of counsel, 4) the denial of his motion for new trial, and 5) whether the trial court improperly considered appellant’s race in determining punishment.

Trial counsel was appointed on June 18, 2001.  Trial counsel’s motion for continuance was filed on November 29, 2001, alleging he had insufficient time to prepare for trial.  The motion did not allege any specific facts which prevented counsel from preparing his case in the five months since his appointment.  We agree the court did not abuse its discretion in denying the continuance.

The second and third issues discussed in the 
Anders
 brief concern whether his trial counsel was ineffective in failing to give appellant earlier notice of the revocation hearing (issue two) and failing to call additional defense witnesses (issue three).  Appellant claimed he only received notice of the revocation hearing the day before it commenced.  The court relied on letters from the State mailed to appellant showing the hearing date and the statements of counsel that he notified appellant at least 2-3 days before the hearing. The record does not reflect how the limited notice could have prejudiced his defense as required to support a finding of ineffective counsel.  
See Strickland v. Washington
, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  

The 
Anders
 brief filed by counsel extensively discusses the testimony of each witness appellant contends should have been called by his trial counsel.  All but one of the additional witnesses were character witnesses.  Their testimony would not have been relevant to the 81 alleged violations of appellant’s probation.  One witness was sought to advance the defense of self-defense to the original conviction.  Counsel on appeal correctly notes that a motion to revoke may not be used to attack the original conviction.  
Traylor v. State
, 561 S.W.2d 492 (Tex.Crim.App. 1978).  We agree the failure to call the additional witnesses did not deprive appellant of reasonably effective assistance of counsel.  

The fourth issue discussed in the 
Anders
 brief is the trial court’s denial of appellant’s motion for new trial.  Appellant testified at the hearing on his motion for new trial and raised each of the issues discussed above.  The court found nothing in the hearing justified a new trial and our review of that hearing reveals nothing to undermine that finding.  Appellant’s pro se brief does not identify any such evidence.

The fifth issue discussed is whether the trial court improperly considered appellant’s race in determining his sentence.  Appellant’s pro se brief quotes from portions of the reporter’s record where he, the prosecutor and the court discussed his ethnicity and argues this was improper because he is an American citizen.  Even a cursory review of the record shows that appellant raised the issue of his ethnicity by accusing the prosecutor of offering a plea agreement with a longer term of imprisonment on the basis of prejudice because “You know, I’m just Mexican, I’m poor, I don’t have the money to . . . get probation reinstated.”  The prosecutor responded that “I really resent the comments by Mr. Rodriguez, that this court, me, you, are just out to get a poor Mexican in this case.  I don’t think anything could be further from the truth.”  The trial court likewise responded to the comment by stating, “I am a little perturbed that you would make that statement in here today that the only reason we are doing this is because you are a Mexican fellow.  That is not right.”  The court went on to expressly state, “I’m not going to hold [that statement] against you.  But you need to be careful about what you say under oath.”  

The record establishes that the trial court’s judgment and assessment of punishment was not based on appellant’s ethnic background.  It was appellant who interjected the issue in the proceeding.  The comments by the State and trial court were merely responsive to the issue raised by appellant.

Our review convinces us that appellate counsel conducted a diligent and conscientious review of the record.  We agree it presents no meritorious grounds for review.  We grant counsel’s motion to withdraw and affirm the judgment of the trial court.

John T. Boyd

 Chief Justice

Do not publish.