NO. 07-02-0351-CR



IN THE COURT OF APPEALS


 

FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 24, 2003



______________________________




JARAIL REGINALD BARROW, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 44,192-E; HONORABLE ABE LOPEZ, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Jarail Reginald Barrow appeals from a judgment revoking community
supervision and imposing sentence pursuant to conviction for delivery of a controlled
substance. We affirm.

 In accordance with a plea bargain, appellant entered a plea of guilty to a charge of
delivery of a controlled substance. The judge of the 108th District Court of Potter County
(the trial court), found that the evidence substantiated appellant's guilt, accepted the guilty
plea, found appellant guilty, and sentenced appellant to confinement for ten years and
restitution of $140. The confinement portion of the sentence was suspended and appellant
was placed on community supervision for ten years.

 The State filed a motion to revoke. At the hearing on the motion, appellant pled true
to eight violations alleged as bases for the motion. The trial judge found that appellant
violated terms of his probation, revoked the order placing appellant on community
supervision, and sentenced appellant to eight years in the Texas Department of Criminal
Justice, Institutional Division. 

 Counsel for appellant has filed a Motion to Withdraw and a Brief in Support thereof. 
In support of the motion to withdraw, counsel has certified that, in compliance with Anders
v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the record has
been diligently reviewed and that in the opinion of counsel, the record reflects no
reversible error or grounds upon which a non-frivolous appeal can arguably be predicated. 
Counsel thus concludes that the appeal is without merit. 

 Counsel has identified three possible issues for appeal: ineffective assistance of
counsel; involuntariness of the plea; and abuse of discretion by the trial court in
sentencing. Counsel has discussed why, under the controlling authorities and the facts
of this case, there is no arguable appellate issue or reversible error in the trial court
proceedings or judgment. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). 

 Counsel has attached exhibits showing that a copy of the Anders brief and Motion
to Withdraw have been forwarded to appellant, and that counsel has appropriately advised
appellant of appellant's right to review the record and file a response to counsel's motion
and brief. Appellant has filed a response to counsel's motion and brief. In his response,
appellant asserts issues of ineffective assistance of counsel, involuntariness of his plea
of "true" at the revocation hearing, and a complaint about his having been erroneously
indicted and convicted. 

 Appellant's assertions of ineffective assistance of counsel and involuntariness of
his revocation plea stem from what he alleges was a promise by his attorney that if he pled
"true" to the allegations in the motion to revoke, then he would be sentenced to 5 years
pursuant to a plea bargain, instead of the 8 years to which he was sentenced. The record,
however, contains no evidence to support his allegation. He does not point to any part of
the record of the revocation proceeding in which he or his attorney asserted that the State
misrepresented its position to the judge when the prosecutor stated that there was no
recommendation as to punishment or when the trial court imposed punishment of 8 years. (1) 
The record does not reflect any assertion by appellant of an alleged promise by his trial
counsel that a plea bargain existed by which appellant would receive a sentence of 5 years
if he pled "true," either during the revocation hearing, in appellant's pro se notice of appeal
and request to withdraw his plea, or in the notice of appeal filed by appellate counsel (who
was different from his revocation hearing counsel). Such unsworn argument is presented
for the first time in appellant's response to the Anders brief. 

 Moreover, appellant does not claim that he did not violate the terms of his probation,
or that the allegations of the motion to revoke were not true. A record without (1) objective
facts to support a conclusion of lack of confidence in the proceedings, or (2) a specific
demonstration of prejudice will not support a finding of ineffective assistance of counsel. 
See Bone v. State, 77 S.W.3d 828, 836-37 (Tex.Crim.App. 2002). Appellant's first two
response issues do not present arguable grounds for appeal. 

 Appellant's responsive argument that he was erroneously indicted and convicted
does not comport with his signed admission of guilt and disclaimer of any promise other
than the written plea bargain which were submitted as part of his original plea agreement,
and which is signed by his counsel, who was different counsel than his counsel for the
revocation hearing. The plea bargain was honored by the trial court following the original
finding of guilt. 

 When a defendant is convicted and placed on regular probation, he may
immediately appeal the judgment and sentence. See Tex. Crim. Proc. Code Ann. art.
42.12 § 23(b). Following revocation, ordinarily appeal is restricted to appealing the
propriety of the revocation order, and validity of the underlying conviction may not be
challenged by raising issues such as evidentiary sufficiency. Id.; see e.g., Traylor v. State,
561 S.W.2d 492, 494 (Tex.Crim.App.1978) (challenge to sufficiency of evidence to sustain
conviction not appealable following revocation). Appellant also signed a waiver of appeal
as part of his original plea bargain for probation. He does not challenge the waiver's
validity. See Monreal v. State, 99 S.W.3d 615 (Tex.Crim.App. 2003). Appellant's third
responsive issue does not present an arguable ground for appeal.

 In sum, during our independent examination of the record to determine whether
there are any arguable grounds for appeal, see Penson v. Ohio, 488 U.S. 75, 109 S.Ct.
346, 102 L.Ed 2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.
1991), we have found no such grounds. We agree with appellate counsel that the appeal
is without merit. 

 Accordingly, counsel's Motion to Withdraw is granted. The judgment of the trial
court is affirmed.


 Phil Johnson

 Chief Justice



Do not publish. 




















1. In any event, appellant had no right to withdraw his plea of true, even if the State
made a plea bargain which the trial court refused to follow. See Gutierrez v. State, 2003
WL 21398515 (Tex.Crim.App. 2003).