NO. 07-02-0351-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 24, 2003

_____

JARAIL REGINALD BARROW, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 44,192-E; HONORABLE ABE LOPEZ, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

Appellant Jarail Reginald Barrow appeals from a judgment revoking community supervision and imposing sentence pursuant to conviction for delivery of a controlled substance.  We affirm.

In accordance with a plea bargain, appellant entered a plea of guilty to a charge of delivery of a controlled substance. The judge of the 108th District Court of Potter County (the trial court), found that the evidence substantiated appellant's guilt, accepted the guilty plea, found appellant guilty, and sentenced appellant to confinement for ten years and restitution of $140. The confinement portion of the sentence was suspended and appellant was placed on community supervision for ten years.

The State filed a motion to revoke. At the hearing on the motion, appellant pled true to eight violations alleged as bases for the motion. The trial judge found that appellant violated terms of his probation, revoked the order placing appellant on community supervision, and sentenced appellant to eight years in the Texas Department of Criminal Justice, Institutional Division.

Counsel for appellant has filed a Motion to Withdraw and a Brief in Support thereof. In support of the motion to withdraw, counsel has certified that, in compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the record has been diligently reviewed and that in the opinion of counsel, the record reflects no reversible error or grounds upon which a non-frivolous appeal can arguably be predicated. Counsel thus concludes that the appeal is without merit.

Counsel has identified three possible issues for appeal: ineffective assistance of counsel; involuntariness of the plea; and abuse of discretion by the trial court in sentencing. Counsel has discussed why, under the controlling authorities and the facts

2

of this case, there is no arguable appellate issue or reversible error in the trial court proceedings or judgment. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).

Counsel has attached exhibits showing that a copy of the Anders brief and Motion to Withdraw have been forwarded to appellant, and that counsel has appropriately advised appellant of appellant's right to review the record and file a response to counsel's motion and brief. Appellant has filed a response to counsel's motion and brief. In his response, appellant asserts issues of ineffective assistance of counsel, involuntariness of his plea of "true" at the revocation hearing, and a complaint about his having been erroneously indicted and convicted.

Appellant's assertions of ineffective assistance of counsel and involuntariness of his revocation plea stem from what he alleges was a promise by his attorney that if he pled "true" to the allegations in the motion to revoke, then he would be sentenced to 5 years pursuant to a plea bargain, instead of the 8 years to which he was sentenced. The record, however, contains no evidence to support his allegation. He does not point to any part of the record of the revocation proceeding in which he or his attorney asserted that the State misrepresented its position to the judge when the prosecutor stated that there was no recommendation as to punishment or when the trial court imposed punishment of 8 years.[1] The record does not reflect any assertion by appellant of an alleged promise by his trial counsel that a plea bargain existed by which appellant would receive a sentence of 5 years

---

[1]In any event, appellant had no right to withdraw his plea of true, even if the State made a plea bargain which the trial court refused to follow. See Gutierrez v. State, 2003 WL 21398515 (Tex.Crim.App. 2003).

3

if he pled "true," either during the revocation hearing, in appellant's *pro se* notice of appeal and request to withdraw his plea, or in the notice of appeal filed by appellate counsel (who was different from his revocation hearing counsel). Such unsworn argument is presented for the first time in appellant's response to the Anders brief.

Moreover, appellant does not claim that he did not violate the terms of his probation, or that the allegations of the motion to revoke were not true. A record without (1) objective facts to support a conclusion of lack of confidence in the proceedings, or (2) a specific demonstration of prejudice will not support a finding of ineffective assistance of counsel. See Bone v. State, 77 S.W.3d 828, 836-37 (Tex.Crim.App. 2002). Appellant's first two response issues do not present arguable grounds for appeal.

Appellant's responsive argument that he was erroneously indicted and convicted does not comport with his signed admission of guilt and disclaimer of any promise other than the written plea bargain which were submitted as part of his original plea agreement, and which is signed by his counsel, who was different counsel than his counsel for the revocation hearing. The plea bargain was honored by the trial court following the original finding of guilt.

When a defendant is convicted and placed on regular probation, he may immediately appeal the judgment and sentence. See TEX. CRIM. PROC. CODE ANN. art. 42.12 § 23(b). Following revocation, ordinarily appeal is restricted to appealing the propriety of the revocation order, and validity of the underlying conviction may not be

4

challenged by raising issues such as evidentiary sufficiency. Id.; see e.g., Traylor v. State, 561 S.W.2d 492, 494 (Tex.Crim.App.1978) (challenge to sufficiency of evidence to sustain conviction not appealable following revocation). Appellant also signed a waiver of appeal as part of his original plea bargain for probation. He does not challenge the waiver's validity. See Monreal v. State, 99 S.W.3d 615 (Tex.Crim.App. 2003). Appellant's third responsive issue does not present an arguable ground for appeal.

In sum, during our independent examination of the record to determine whether there are any arguable grounds for appeal, see Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed 2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991), we have found no such grounds. We agree with appellate counsel that the appeal is without merit.

Accordingly, counsel's Motion to Withdraw is granted. The judgment of the trial court is affirmed.

Phil Johnson
Chief Justice

Do not publish.

5