**Opinion filed January 30, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00278-CR

_____

## JAVONE DOUGLAS RAWLS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 266th District Court**

**Erath County, Texas**

**Trial Court Cause No. CR13985**

## M E M O R A N D U M   O P I N I O N

Appellant, Javone Douglas Rawls, pleaded guilty to the state jail felony offense of possession of marihuana, and the trial court assessed his punishment and placed him on community supervision pursuant to the terms of the plea bargain agreement. The State subsequently filed a motion to revoke based upon Appellant's alleged violation of the terms and conditions of his community

supervision.  At a hearing on the State's motion, Appellant pleaded "true" to the allegation in the State's motion that he had again possessed marihuana.  The trial court found the allegation to be true, revoked Appellant's community supervision, and assessed his punishment at confinement for two years in a state jail facility. We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw.  The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous.  Counsel has provided Appellant with a copy of the brief and advised Appellant of his right to review the record and file a response to counsel's brief.  Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Appellant has filed a pro se letter in response to counsel's motion to withdraw and supporting brief.  In addressing an *Anders* brief and pro se response, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues.  *Schulman*, 252 S.W.3d 403; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed.  *Schulman*, 252 S.W.3d at 409.  In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke

2

community supervision.  *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).  Furthermore, absent a void judgment, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision.  *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Traylor v. State*, 561 S.W.2d 492, 494 (Tex. Crim. App. [Panel Op.] 1978).

We note that counsel has the responsibility to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court.  TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68.").  Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motion to withdraw is granted, and the appeal is dismissed.

PER CURIAM

January 30, 2014

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.