Opinion filed July 16, 2015



## In The

# Eleventh Court of Appeals

_____

## No. 11-15-00031-CR

_____

## AUGUSTINE MOLINA LEAL, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 91st District Court**

**Eastland County, Texas**

**Trial Court Cause No. 22707**

### M E M O R A N D U M   O P I N I O N

Appellant, Augustine Molina Leal, pleaded guilty to the state jail felony offense of possession of a controlled substance, and the trial court assessed his punishment and placed him on community supervision pursuant to the terms of the plea bargain agreement. The State subsequently filed a motion in which it alleged that Appellant had violated seven of the terms and conditions of his community supervision. At a hearing on the State's motion, Appellant pleaded "true" to the allegation that he had violated Condition No. 16 by failing to perform community

service as required. Appellant pleaded "not true" to the other allegations, and the State presented evidence as to the allegations contained in its motion. The trial court found six of the seven allegations to be true, revoked Appellant's community supervision, and assessed his punishment at confinement for ten months in a state jail facility. We dismiss the appeal.

Counsel has provided Appellant with a copy of the brief, the motion to withdraw, and a form motion for pro se access to the appellate record and has advised Appellant of his right to review the record and file a response to counsel's brief. Appellant filed in this court the motion for pro se access that was provided to him by counsel. We granted the motion on May 21, 2015. As of this date, Appellant has not filed a pro se response.[1]

Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.). In addressing an *Anders* brief and pro se response, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

---

[1]By letter, this court granted Appellant thirty days in which to exercise his right to file a response to counsel's brief.

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409. In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979). Furthermore, absent a void judgment, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Traylor v. State*, 561 S.W.2d 492, 494 (Tex. Crim. App. [Panel Op.] 1978).

We note that counsel has the responsibility to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motion to withdraw is granted, and the appeal is dismissed.


PER CURIAM

July 16, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and McCall.[2]

Bailey, J., not participating.

---

[2]Terry McCall, Retired Justice, Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.