Opinion filed November 19, 2015



## In The

# Eleventh Court of Appeals

_____

## No. 11-15-00167-CR

_____

## JOHNNY MENDEZ RODRIGUEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 106th District Court**

**Dawson County, Texas**

**Trial Court Cause No. 13-7279**

## MEMORANDUM OPINION

Appellant, Johnny Mendez Rodriguez, pleaded guilty to the offense of possession of a controlled substance, to-wit: methamphetamine, a state jail felony. Pursuant to the terms of the plea agreement, the trial court deferred the adjudication of Appellant's guilt and placed him on community supervision. The State later filed an application to adjudicate, and the trial court adjudicated Appellant's guilt but again placed him on community supervision. Subsequently, the State filed an application to revoke community supervision. After a contested

hearing on revocation, the trial court found all of the State's allegations to be true, revoked Appellant's community supervision, assessed his punishment at confinement for two years in a state jail facility and a fine of $1,000, and ordered restitution in the amount of $140. We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous and without merit. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the reporter's record and the clerk's record. Counsel also advised Appellant of his right to review the record and file a response to counsel's brief.

Appellant has filed a pro se response in which he asserts that he has discovered that the lab report indicated that the "Zip lock bag that was said to contain Methamphetamine has No Trace Net Weight." We first note that, contrary to Appellant's assertion, the lab report indicated that a trace amount of methamphetamine was present. The report, to which Appellant stipulated when he originally pleaded guilty to the offense, provides as follows: "Zip lock bag . . . containing white residue Contains Methamphetamine Trace net weight." Furthermore, absent a void judgment, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Traylor v. State*, 561 S.W.2d 492, 494 (Tex. Crim. App. [Panel Op.] 1978).

Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App.

1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.). In addressing an *Anders* brief and pro se response, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409. The record from the contested hearing shows that Appellant admitted to some of the alleged violations of the terms and conditions of his community supervision but offered explanations for his violations. His community supervision officer testified about various violations by Appellant of the terms and conditions of his community supervision as alleged in the State's application to revoke. No evidentiary objections were lodged at the revocation hearing. Based upon our review of the record, we agree with counsel that no arguable grounds for appeal exist.

We note that counsel has the responsibility to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motion to withdraw is granted, and the appeal is dismissed.

PER CURIAM

November 19, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.