**Opinion filed May 19, 2016**



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00012-CR

_____

## JORGE CABALLERO HINOJOS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 106th District Court**

**Gaines County, Texas**

**Trial Court Cause No. 14-4464**

## M E M O R A N D U M   O P I N I O N

Appellant, Jorge Caballero Hinojos, originally pleaded guilty to the third-degree felony offense of driving while intoxicated. Pursuant to the terms of the plea bargain agreement, the trial court convicted Appellant, assessed his punishment at confinement for a term of seven years and a fine of $2,000, suspended the imposition of the confinement portion of the sentence, and placed him on community supervision for seven years. The State subsequently filed an application to revoke

Appellant's community supervision. At the revocation hearing, Appellant pleaded true to the State's allegations. The trial court found all of the State's allegations to be true, revoked Appellant's community supervision, sentenced him to confinement for seven years, and imposed the original fine of $2,000. We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that no reversible error exists and that the appeal is frivolous and without merit. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, a copy of the reporter's record, and a copy of the clerk's record. Counsel also advised Appellant of his right to review the record and file a response to counsel's brief. Appellant has not filed a pro se response.[1]

Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409. In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.]

---

[1]This court granted Appellant more than thirty days in which to exercise his right to file a response to counsel's brief.

1979). Furthermore, absent a void judgment, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Traylor v. State*, 561 S.W.2d 492, 494 (Tex. Crim. App. [Panel Op.] 1978).

We note that counsel has the responsibility to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motion to withdraw is granted, and the appeal is dismissed.


PER CURIAM


May 19, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

3