**Opinion filed August 18, 2016**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-16-00117-CR, 11-16-00118-CR, & 11-16-00119-CR

_____

## STEPHANIE MECHELLE COLEMAN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 39th District Court**
**Haskell County, Texas**
**Trial Court Cause Nos. 6590, 6623, & 6624**

### M E M O R A N D U M   O P I N I O N

Appellant, Stephanie Mechelle Coleman, originally pleaded guilty to theft by check—under $1,500 with two priors—in all three causes. Pursuant to the terms of the plea agreements, the trial court convicted Appellant of each offense, assessed her punishment, and placed her on community supervision for five years. The State subsequently filed a motion to revoke Appellant's community supervision in each cause. At the revocation hearing, Appellant pleaded true to the State's allegations, and the trial court found them to be true. The trial court, in each cause, revoked

Appellant's community supervision, sentenced her to confinement for two years in a state fail facility, and imposed the original fine of $500. We dismiss the appeals.

Appellant's court-appointed counsel has filed a motion to withdraw in each appeal. Each motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that she has concluded that no reversible error exists and that the appeals are frivolous and without merit. In each cause, counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, the reporter's record, and the clerk's record. Counsel also advised Appellant of her right to review the records and file a response to counsel's briefs. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Appellant has filed a pro se response to counsel's motions to withdraw and supporting briefs. In addressing an *Anders* brief and pro se response, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the records, and we agree that the appeals are without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409. In this regard, a plea of

true standing alone is sufficient to support a trial court's decision to revoke community supervision. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Furthermore, absent a void judgment, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Traylor v. State*, 561 S.W.2d 492, 494 (Tex. Crim. App. [Panel Op.] 1978).

We note that counsel has the responsibility to advise Appellant that she may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that she may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motions to withdraw are granted, and the appeals are dismissed.


PER CURIAM


August 18, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.