**Opinion filed January 20, 2017**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-16-00212-CR & 11-16-00213-CR

_____

### ZACERY APARICIO, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 358th District Court**

**Ector County, Texas**

**Trial Court Cause Nos. D-45,541 & D-45,625**

### M E M O R A N D U M   O P I N I O N

Appellant, Zacery Aparicio, originally pleaded guilty to the offenses of possession of methamphetamine and forgery by passing. Pursuant to the terms of the plea agreements, the trial court convicted Appellant of each offense, assessed his punishment, and placed him on community supervision for five years for each offense. The State subsequently filed motions to revoke Appellant's community supervision. At the revocation hearing, Appellant pleaded true to several of the State's allegations in the motions to revoke. The trial court found all of the

allegations—except for an abandoned one—to be true and revoked Appellant's community supervision in both causes. The trial court sentenced Appellant to confinement for two years in a state jail facility for the possession conviction and confinement for five years in the Institutional Division of the Texas Department of Criminal Justice for the forgery conviction, ordered the sentences to run concurrently, and imposed the original fine of $3,000 for the forgery conviction. We dismiss the appeals.

Appellant's court-appointed counsel has filed a motion to withdraw in both appeals. Each motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that she has concluded that the appeals are frivolous and without merit. In each cause, counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, the reporter's record, and the clerk's record. Counsel also advised Appellant of his right to review the records and file a response to counsel's briefs. Appellant has not filed a pro se response.[1]

Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the records, and we agree that the appeals are without merit

---

[1]This court granted Appellant more than thirty days in which to exercise his right to file a response to counsel's briefs.

and should be dismissed. *Schulman*, 252 S.W.3d at 409. In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Furthermore, absent a void judgment, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Traylor v. State*, 561 S.W.2d 492, 494 (Tex. Crim. App. [Panel Op.] 1978).

We note that counsel has the responsibility to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motions to withdraw are granted, and the appeals are dismissed.


PER CURIAM


January 20, 2017

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

3