**Opinion filed January 26, 2017**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-16-00289-CR & 11-16-00290-CR

_____

## BAILEY RENAE SCHMIDT, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 358th District Court**

**Ector County, Texas**

**Trial Court Cause Nos. D-44,178 & D-44,179**

## M E M O R A N D U M   O P I N I O N

Appellant, Bailey Renae Schmidt, originally pleaded guilty in each case to the state-jail felony offense of endangering a child. Pursuant to the terms of the plea agreements, the trial court convicted Appellant of each offense, assessed her punishment, and placed her on community supervision for two years for each offense. The State subsequently filed motions to revoke Appellant's community supervision. At the revocation hearing, Appellant pleaded true to both of the State's allegations in the motions to revoke. The trial court found the allegations to be true

and revoked Appellant's community supervision in both causes. The trial court sentenced Appellant to confinement for two years in a state jail facility for each offense, ordered the sentences to run concurrently, and imposed the original fine of $1,000 in one cause and the remainder of the fine—$594—in the other cause. We dismiss the appeals.

Appellant's court-appointed counsel has filed a motion to withdraw in both appeals. Each motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeals are frivolous and without merit. In each cause, counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, a copy of the reporter's record, and a copy of the clerk's record. Counsel also advised Appellant of her right to review the records and file a response to counsel's briefs. Appellant has not filed a pro se response.[1]

Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the records, and we agree that the appeals are without merit and should be dismissed. *See Schulman*, 252 S.W.3d at 409. In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke

---

[1]This court granted Appellant thirty days in which to exercise her right to file a response to counsel's briefs.

community supervision. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Furthermore, absent a void judgment, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Traylor v. State*, 561 S.W.2d 492, 494 (Tex. Crim. App. [Panel Op.] 1978).

We note that counsel has the responsibility to advise Appellant that she may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that she may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motions to withdraw are granted, and the appeals are dismissed.


PER CURIAM


January 26, 2017

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

3