**Opinion filed June 28, 2018**



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00360-CR
_____

## SANDY LEIGH CROUCH, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CR23805**

## MEMORANDUM OPINION

Appellant, Sandy Leigh Crouch, originally pleaded no contest to the third-degree felony offense of assault of a public servant. Pursuant to the terms of the plea agreement, the trial court convicted Appellant, assessed her punishment at confinement for ten years and a $500 fine, suspended the execution of the confinement portion of the sentence, and placed Appellant on community supervision for ten years. The State subsequently filed a motion to revoke Appellant's community supervision, alleging several allegations as grounds for

revocation. At a hearing on the motion, Appellant pleaded true to all but one of the State's allegations. The trial court found all of the State's allegations to be true, revoked Appellant's community supervision, and imposed the minimum sentence of confinement for two years.[1] *See* TEX. CODE CRIM. PROC. ANN. art. 42A.755(a)(2) (West 2018) (reduction of term of confinement upon revocation). We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that there are no arguable grounds for appeal. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a motion for pro se access to the appellate record. Counsel advised Appellant of her right to review the record and file a response to counsel's brief.[2] Counsel also advised Appellant of her right to file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. *See* TEX. R. APP. P. 48.4, 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *See Schulman*, 252 S.W.3d at 409. We note that proof of one violation of the terms and conditions of community supervision is sufficient to support revocation. *See Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App.

---

[1] TEX. PENAL CODE ANN. § 22.01(b)(1) (West Supp. 2017), § 12.34 (West 2011).

[2] We note that this court granted Appellant thirty days in which to exercise her right to file a response to counsel's brief and that Appellant has not filed a response.

2009).  In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision.  *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979).  Furthermore, absent a void judgment, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision.  *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Traylor v. State*, 561 S.W.2d 492, 494 (Tex. Crim. App. [Panel Op.] 1978).  Based upon our review of the record, we agree with counsel that no arguable grounds for appeal exist.[3]

Accordingly, the motion to withdraw is granted, and the appeal is dismissed.

PER CURIAM

June 28, 2018

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.[4]

---

[3]We note that Appellant has a right to file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

[4]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.