**Opinion filed July 12, 2018**



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00030-CR

_____

## MICHAEL RAY ALCORTA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 106th District Court**
**Dawson County, Texas**
**Trial Court Cause No. 17-7751**

## M E M O R A N D U M   O P I N I O N

Appellant, Michael Ray Alcorta, pleaded guilty to the third-degree felony offense of possession of a controlled substance in a drug-free zone. Pursuant to the terms of the plea agreement, the trial court convicted Appellant of the offense, assessed his punishment at confinement for eight years and a $2,000 fine, suspended the confinement portion of the sentence, and placed Appellant on community supervision for five years. Soon thereafter, the State filed an application to revoke

community supervision. After a contested hearing on revocation, the trial court found the State's allegations to be true, revoked Appellant's community supervision, and imposed a reduced sentence of confinement for seven years. We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous and without merit. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of both the reporter's record and the clerk's record. Counsel advised Appellant of his right to review the record and file a response to counsel's brief.[1] Appellant has not filed a response. Counsel also advised Appellant of his right to file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. *See* TEX. R. APP. P. 48.4, 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *See Schulman*, 252 S.W.3d at 409. The record from the revocation hearing shows that Appellant tested positive for a "very high" level of methamphetamine, that he failed to report to his community supervision officer as required, that he failed to pay any of the fine or the fees that he had been ordered to

---

[1]This court granted Appellant more than thirty days in which to exercise his right to file a response to counsel's brief.

pay, and that he failed to perform community service as required. We note that proof of one violation of the terms and conditions of community supervision is sufficient to support revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). Furthermore, absent a void judgment, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Traylor v. State*, 561 S.W.2d 492, 494 (Tex. Crim. App. [Panel Op.] 1978). Based upon our review of the record, we agree with counsel that no arguable grounds for appeal exist.[2]

The motion to withdraw is granted, and the appeal is dismissed.

PER CURIAM

July 12, 2018

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.[3]

---

[2]We note that Appellant has a right to file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

[3]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.