**Opinion filed August 9, 2018**



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00031-CR

_____

## GUADALUPE RODRIGUEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 106th District Court**
**Dawson County, Texas**
**Trial Court Cause No. 16-7670**

### MEMORANDUM OPINION

Appellant, Guadalupe Rodriguez, pleaded guilty to the offense of unauthorized use a motor vehicle and stipulated to the enhancement allegations that elevated the punishment to that for a third-degree felony. Pursuant to the terms of the plea agreement, the trial court convicted Appellant of the offense, assessed his punishment at confinement for eight years and a $3,000 fine, suspended the confinement portion of the sentence, and placed Appellant on community

supervision for five years. Thereafter, the State filed an application to revoke community supervision. After a "contested" hearing on revocation, the trial court found the State's allegations to be true, revoked Appellant's community supervision, imposed a reduced sentence of confinement for seven years, and reordered the original fine of $3,000. We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous and without merit. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of both the reporter's record and the clerk's record. Counsel advised Appellant of his right to review the record and file a response to counsel's brief. Counsel also advised Appellant of his right to file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. *See* TEX. R. APP. P. 48.4, 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has filed a response in which he states that he wants to continue with his appeal but needs another attorney. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *See Schulman*, 252 S.W.3d at 409. The record from the revocation hearing shows that Appellant testified and admitted that he had violated the terms and conditions as alleged in the State's application to revoke. We note that proof of one violation of the terms and conditions of community supervision is sufficient to support revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). Furthermore, absent a void

2

judgment, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Traylor v. State*, 561 S.W.2d 492, 494 (Tex. Crim. App. [Panel Op.] 1978). Based upon a review of the record, we agree with counsel that no arguable grounds for appeal exist.[1]

The motion to withdraw is granted, and the appeal is dismissed.

PER CURIAM

August 9, 2018

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.