

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00147-CR

---

DEVANY CHARONE SNEED          APPELLANT

V.

THE STATE OF TEXAS          STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
TRIAL COURT NO. 1095599D

----------

## CONCURRING OPINION

----------

I write separately because, in addressing the issue of whether a trial court may consider allegations previously before the court in revoking community supervision, a journey down legal memory lane is helpful.

It used to be common practice for Texas trial courts to hear a motion to revoke probation, take the motion under advisement, hold the motion in abeyance, and, essentially, let the probationer's post-hearing conduct determine

whether to grant or deny the motion on one or more of the grounds alleged in the motion to revoke.[1]  Repeatedly, appellate courts have held that this procedure constituted a denial of due process:

> It is clear at least after *Morrissey v. Brewer* that a probationer can no longer be denied due process in reliance on the dictum . . . that probation is an "act of grace."  "Getting a break," the Texas version of "act of grace," is no more a reliable dictum for denial of due process.  The Court was at pains to explain in *Morrissey v. Brewer*:
>
>> This Court now has rejected the concept that constitutional rights turn upon whether a governmental benefit is characterized as a "right" or as a "privilege."  Whether any procedural protections are due depends on the extent to which an individual will be condemned to suffer grievous loss.  The question is not merely the weight of the individual's interest, but whether the nature of the interest is one within the contemplation of the "liberty or property" language of the Fourteenth Amendment.[2]

And, repeatedly, appellate courts have reminded the bench and bar that, after conducting a hearing without a jury, a trial court's options regarding someone on community supervision are limited by the legislature.[3]  The

---

[1]*See, e.g.*, *Rains v. State*, 678 S.W.2d 308, 309–10 (Tex. App.—Fort Worth 1984, pet. ref'd).

[2]*Rogers v. State*, 640 S.W.2d 248, 253–54 (Tex. Crim. App. 1982) (op. on reh'g) (citations and selected quotation marks omitted); *see also id.* at 263 (2nd op. on reh'g) (agreeing "that due process mandates another determination that the probationer has breached the conditions of probation *after* he has been returned to probation (or that there is newly discovered evidence of a previous violation which was not known at  the time of the first revocation hearing)").

[3]*See, e.g.*, *Furrh v. State*, 582 S.W.2d 824, 827 (Tex. Crim. App. 1979) (op. on reh'g); *Kimball v. State*, 119 S.W.3d 463, 465 (Tex. App.—Beaumont 2003, no pet.).

legislature has specifically detailed that after a hearing, a trial court may only "continue, extend, modify, or revoke" the community supervision.[4] But the legislature has not given the trial court authority to revisit a disposition with no new allegations:

> The court having exercised its authority at that earlier hearing by modifying the terms of probation instead of revoking probation, it was clearly without authority to change that disposition at a subsequent hearing at which no further violation of probation was shown.[5]

In the case sub judice, the State filed its petition to proceed to adjudication on March 31, 2015. The trial court amended Appellant's conditions of community supervision to add electronic monitoring on April 7, 2015. On April 17, 2015, the State amended its petition, adding one additional allegation of a violation. On May 4, 2015, the trial court heard the live petition, the State waived the new allegation, Appellant entered a "true-but" plea, and the trial court granted the petition to proceed to adjudication, finding the original allegations to be true. This action by the trial court violated Appellant's constitutional rights to due process.[6]

But Appellant did not object to the trial court's considering the original allegations despite the trial court's intervening amendment of his conditions of community supervision to require electronic monitoring. As the majority points

---

[4]Tex. Code Crim. Proc. Ann. art. 42.12, § 21(b-2) (West Supp. 2015).

[5]*Furrh*, 582 S.W.2d at 827.

[6]*See Rogers*, 640 S.W.2d at 253–54.

out, even a due-process complaint must be preserved, and Appellant has not done so.

Consequently, I concur in the result.


/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PUBLISH

DELIVERED: May 19, 2016